The opinion of the Court was delivered by
Glover, J.
The last will and testament of Henry F. Freeman was admitted to probate, in solemn form of law, by the *383 Ordinary of Edgefield district, and from his decree an appeal was taken by the widow and child of the testator to the Circuit Court of Law. A verdict was rendered by the jury, which found, that the paper propounded was not the last will and testament of Henry F. Freeman. From this verdict, the executor has appealed to this Court for a new trial, and also to reverse the order of the presiding Judge, permitting the name of Catherine C. Freeman to be struck from the record.
The grounds of appeal present three questions for consideration :
1. Was the order of the presiding Judge, granting leave to strike out the name of Catherine C. Freeman, authorized by law and according to the practice of this Court?
2. Was she a competent witness, after a release of all her interest in the testator’s estate and after her name was struck from the record, without the payment of the costs which had then accrued ?
4. Was there evidence to prove either the general or partial insanity of the testator, or the exercise of an undue influence over his mind ?
1. A motion to strike from the record the name of a party, is addressed to the sound discretion of the Court, and will not be granted if it shall be prejudicial to the rights of other parties (Hawkins vs. Lewis, 2 N. & McC. 141.) In Boyd vs. Boyd, (3 Hill, 341,) the motion was refused because progress had been made in the trial of the cause, and, if granted, it would have operated as a surprise on the defendant, who could not have been prepared to reply to evidence which was not anticipated. On application to the Ordinary to admit to probate, in solemn form, a last will and testament, he is required to cite all such persons as would have been entitled to distribution of the estates if the deceased had died intestate. (11 Stat. 39, sec. xi.) If any one of the parties so cited shall acquiesce in the Ordinary’s decree, or ■ shall assign his interest to the others, the suggestion may be filed and the appeal prosecuted in the name of such as have an interest and are dissatisfied with the decree: and if, at *384 any time before the trial of the issues presented by the suggestion, one of the parties shall release or assign his interest and his name be stricken from the record, it will not operate a discountenance or abandonment of the appeal. The question before the Ordinary involves the validity of the will, without reference to the respective interests of the litigants, and an appeal from his judgment maybe prosecuted by any one or more of the parties cited, and such was the course of practice adopted in Means and Means, (5 Strob. 157.) A verdict rendered on issues suggested in an appeal from the Ordinary, concludes all who are interested as devisees or legatees.
2. It is objected that Catherine C. Freeman was an incompetent witness, because she was liable for costs which had accrued. A party to a suit cannot be a witness, on account of his interest in the event of the suit, and in the costs, unless his interest be removed, and the costs be paid. In Willings & Francis, and another vs Consequa, (Peters C. C. R. 301,) one of the plaintiffs assigned all his interest in the subject in controversy to his co-plaintiffs and paid the costs, and it was decided, that he was competent. Numerous cases may be found in the Pennsylvania Reports, sustaining this practice, (Steele vs. Phœnix Ins. Co., 3 Binn. 312; North & al. vs. Turner, 9 Sergt. & R. 244.)
The argument in support of this ground assumes, that Catherine C. Freeman was a party to the suit when she was offered as a witness; but she was not then a co-plaintiff. Her name had already been stricken from the record, and an objection to her competency then would equally apply to all persons not clothed with the character of parties to the suit. When her name was taken from the record, it may have been proper that terms should have been imposed. If an amendment be in matter of substance, or after the general issue is entered, or a special plea pleaded, the plaintiff must pay costs or give an imparlance, at the instance of the defendant. (1 Tid’s Pr. 707.) It does not appear from the report, that the payment of costs was required when the amendment was made ; but that the motion was made when Catherine C. Freeman was offered as a wit *385 ness, and after she had ceased to be a party. The principle established by the cases cited in argument is limited in its application to those who are parties, and does not embrace this case.
The Court should be satisfied, that all the steps taken to restore the competency of persons interested are in good faith and intended to divest their interest, and are not collusive. The assignment in this case appears to have been made with a bona fide purpose, and a responsible guardian ad litem of the infant co-plaintiff has been appointed to prosecute the appeal.
3. Respecting the testamentary capacity of Henry F. Freeman, much evidence was offered which satisfied the jury that he did not, when he executed his last will and testament, possess a sound and disposing mind and memory; and this Court is not prepared to say that their verdict is not sustained by the evidence.
Motion dismissed.
O’Neall, Wardlaw, Withers, Whitner and MuNRo, JJ., concurred.

Motion dismissed.